[Crim. No. 1534. Third Appellate District.—February 2, 1937.]

THE PEOPLE, Respondent, v. VILLAS LENORD WILKES, Appellant.

R. C. Colombe for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of murder in the second degree upon an information filed by the district attorney of the county of Tehama, charging him with the crime of murder, in that on or about the 7th day of July, A. D. 1936, at the county of Tehama, the said defendant wilfully, feloniously and with malice aforethought did kill one Frank Wilkes, a human being. From the judgment based upon the verdict of murder in the second degree the defendant appeals.

While the information gives the date of the offense as of July 7, 1936, the testimony, as we read it, fixes the date of the commission of the crime alleged as occurring on July 4, 1936.

The record shows that on July 4, 1936, a group of Indians drove from the town of Gerber to a swimming hole near and east of the town of Los Molinos, in what is known as "Mill Creek", some five miles distant from the town of Gerber. The group consisted of the defendant, his brother Frank Wilkes, Florence Wilkes, the latter's two children, Willena Raglin and William Raglin, ages eight and seven respectively, Frances Raglin, and one Aaron Wilsey. The testimony shows that when they started they took along a gallon of wine, about half of which was consumed. The swimming party lasted from some time in the morning until near the middle of the afternoon. Leaving the swimming party the group last mentioned got into a car and started home. On the way home a quarrel arose between the defendant and the deceased because of a slurring remark made by the former about the wife of the latter. After some discussion the defendant challenged the deceased to a fight. The car was stopped; both the deceased and the defendant jumped out and started to fight with their fists. The fist fight appears to have lasted for some little time, during which a number of other persons came

to the scene of the conflict. Attempts were made several times to separate the parties by bystanders, with varying success. During the course of the fight the defendant tried to borrow a knife from an occupant of an automobile who had stopped at the scene of the encounter, stating that he wanted to "kill that guy". Being refused a knife, he returned to the automobile in which he had been riding, picked out a tire pump, and endeavored to hit the deceased over the head with it. At this time the deceased was lying on the ground. Bystanders succeeded in taking the tire pump away from the defendant. The defendant also tried to obtain possession of a cane from a bystander with which to strike the deceased. Being foiled in this, and after the fistic encounter had ended, the defendant returned to the automobile in which he had been riding, and according to the testimony of one of the witnesses, obtained a screw driver therefrom, and according to the testimony of two witnesses, while the deceased was walking away from the automobile just referred to, the defendant struck the deceased in the back, stabbing him with some instrument to such an extent that the death of the deceased occurred a few days thereafter.

Upon the foregoing facts, which are testified to at length as shown by the transcript, but which we have deemed it necessary only to summarize briefly, the appellant contends that the verdict of the jury and the judgment should be reduced to manslaughter, or that the defendant should be discharged.

The facts which we have just summarized show that the contentions of the appellant are utterly untenable. While the testimony does show that the defendant was more or less under the influence of the intoxicating liquor which he had drunk, the jury evidently followed the rule set forth in section 22 of the Penal Code which allows the jury to take into consideration the fact of intoxication of an accused in determining the purpose, motive and intent with which the act is committed.

The testimony as to the striking of the deceased in the back by the defendant with some instrument which stabbed him fatally, is uncontradicted. The only point made is that the testimony as to the instrument, to wit, a screw

driver, with which the wound was inflicted, is testified to directly only by a very young boy. It appears that William Raglin, a boy seven years of age, testified that he was sitting in the automobile to which the defendant came, and out of one of the pockets of the automobile obtained a screw driver and thereafter struck the deceased in the back as the deceased was walking away. It appears that prior to the time the boy testified as to such facts, the court very carefully inquired as to the competency of the boy to give reliable testimony; in fact, the court apparently followed the rule set forth in 27 California Jurisprudence, section 25, pages 37 and 38. In its essential particulars the testimony of the boy is corroborated by the evidence of a mature witness named Ella Raglin. This witness testified that she was close by the automobile from which the screw driver was obtained or whatever instrument it was that the defendant used in inflicting the fatal blow. Her testimony is that after the fist fight had ceased and the deceased was walking away, the defendant walked up behind the deceased and struck him in the back, indicating to the jury just how the blow was struck. This witness testified that she could not swear whether the defendant had anything in his hands when he struck the deceased in the back, but it looked like he had. The testimony introduced at the trial showed that a wound had been inflicted, such as might have been inflicted by an ordinary sized screw driver.

It appears that the deceased passed on without making any statement. There is nothing, as we have stated, in the testimony in conflict with the evidence of the two witnesses who observed the blow with which the defendant struck the deceased on the back. That the defendant was endeavoring to get some instrument with which to kill the deceased is shown by the testimony of a number of witnesses. No complaint is made of any rulings of the court, or of any instructions given to the jury.

The testimony set out in the transcript, without adding thereto herein, supports the verdict of the jury so conclusively that it seems a waste of words to add anything further to this opinion. We may, however, state that the defendant is rather fortunate that the jury did not bring in a verdict of murder in the first degree, in view of the

fact that the fatal blow was struck by him after the fistic encounter had ended and the deceased was walking away.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.